# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM PERRY LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-483-JPG |
| | ) |
| UNITED STATES of AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William Perry Lacey, formerly an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## FACTS ALLEGED

Lacey states, first, that the entire left side of his body "does not work," due either to a stroke or to spinal injuries. He cannot stand for more than ten minutes, and he must where a brace on his leg. Prior to his incarceration, his doctor told him to use a power wheelchair. However, he was not permitted to have his power wheelchair at Marion. Without his chair, Lacey experienced several falls, causing unspecified injuries.

Lacey next states that in 2008, he was diagnosed as having a neurogenic bladder. Defendant Szoke told him to use a Texas catheter; as he could not provide Lacey with adult diapers at Marion. Lacey explained to Szoke that catheters caused him "skin breakdown and other problems," so Szoke wrote a prescription that allowed Lacey to purchase adult diapers at the commissary. At some point, an unnamed official determined that Lacey could receive the diapers for free as part of his medical care.

Lacey's final claim is that he has been threatened and harassed by other inmates because he is disabled. His hearing aid was smashed by one inmate, but the prison would not replace it.

## LEGAL CLAIMS

Although not specifically stated, the Court believes that Lacey is trying to assert claims that Defendants have been deliberately indifferent to his serious medical needs, in violation of his rights under the Eight Amendment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

With respect to his power wheel chair, Lacey makes no allegations against any individual defendant. Instead, he vaguely states only that "Marion Prison" refused permission for his chair to be sent to him. Such an allegation does not rise to the level of deliberate indifference on the part of any defendant, and Lacey has failed to state a claim upon which relief may be granted.

Lacey's only allegations against any individual defendant involve Szoke. As stated above, Szoke first prescribed catheters, then later agreed to Lacey's request for diapers. These allegations certainly do not support a claim that Szoke was deliberately indifferent to his medical needs. In fact, quite the opposite – Szoke provided him with medical treatment, and even modified his prescription on Lacey's request. Thus, Lacey has failed to state a claim upon which relief may be granted.

Lacey's final claim is also the most vague – he was harassed by inmates, one of whom

3

smashed his hearing aid, and "the prison" did not replace it. Again, there is no allegation that any specific defendant acted with deliberate indifference, and Lacey has failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Lacey is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: June 2, 2009.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**